RECEIVED CLERK'S OFFICE

2010 FEB 24 P 3:33

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Patrick Arnold, # 1111, | ) | C/A No. 9:10-188-MBS-BM |
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| State of South Carolina, | ) | |
| Defendants. | ) | |

Plaintiff, a pre-trial detainee at the Greenville County Detention Center[1], files this Section 1983 action against the State of South Carolina claiming he has been wrongfully incarcerated on two different occasions. First he states he was accused of a crime in 2003 that took place while he was already in jail, but he maintains he was held on the charge for over two years in any event. He also claims he was arrested in 2008 for distribution of crack cocaine to a narcotics agent in a school zone. Plaintiff states he was held for eight months on the distribution charge until his preliminary hearing where he claims "the state was unable to provide any evidence" and the charges were eventually dropped. Plaintiff alleges he has "suffered lost wages, psychological damage, time away from my family and in general my rehabilitation has been impeded." He seeks damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325,

---



[1] An on-line search shows that plaintiff was charged on 4/30/09 for grand larceny. Plaintiff does not attack this charge in this complaint.

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir.1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se complaints* are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The sole defendant in this action is the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[2] See *Alden v. Maine*, 527 U.S. 706, 713, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999)(immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996); *Principality of*

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

*Monaco v. Mississippi*, 292 U.S. 313, 322-323, 54 S. Ct. 745, 78 L.Ed. 1282 (1934); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 111 S. Ct. 2578, 115 L.Ed.2d 686 (1991). *See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743, 122 S. Ct 1864, 152 L.Ed.2d 962 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State). Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's immunity[3] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person' may be sued by another where a deprivation of constitutional rights can be shown. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states

---

[3] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.



are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state. Therefore, while it is unnecessary to consider whether the State of South Carolina has consented to be sued in federal court under § 1983, it is noted, as pointed out above, that they have not consented to suit in a federal forum.

Since the sole defendant named in the above-captioned case may not be sued in a federal court it is not necessary to make a recommendation regarding the remaining issues.

### RECOMMENDATION

Accordingly, it is recommended that this matter be dismissed *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F. 2d @ 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal.].

Bristow Marchant
United States Magistrate Judge

February 22, 2010
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

